**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | CASE NO. 19-18094-EPK |
| MICHELLE BERMAN and RICHARD ERIC BERMAN, | CHAPTER 7 |
| Debtors. _____/ | |

**TRUSTEE'S <u>AMENDED</u> MOTION FOR APPROVAL OF SETTLEMENT
WITH DEBTORS MICHELLE BERMAN AND RICHARD BERMAN, AND FOR
AUTHORITY TO ABANDON ESTATE PROPERTY AS PART OF SETTLEMENT**

## <u>NOTICE</u>

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled. Pursuant to Bankruptcy Rule 6007, the proposed abandonment will be deemed approved.**

Deborah C. Menotte, as Chapter 7 Trustee (the "Trustee") for the estate of Michelle Berman and Richard E. Berman, by and through undersigned counsel and pursuant to Section 554 of the Bankruptcy Code, Local Rule 6007, and Fed. R. Bankr. P. 9019, requests the Court to approve the attached settlement Agreement (Exhibit "A") by and between the Trustee and the Debtors Michelle Berman and Richard Berman (the "Bermans" or "Debtors"), and to approve the Trustee's abandonment of certain assets as part of such settlement. In support of the foregoing, the Trustee would state as follows:

**BACKGROUND**

1. This Chapter 7 case was commenced on June 18, 2019, by the filing of a Voluntary Petition under Chapter 7 of the Bankruptcy Code by the Debtors, Michelle Berman and Richard Berman.

2. Deborah C. Menotte is the duly appointed and acting Chapter 7 Trustee.

3. The Bermans have scheduled a multitude of claimed exempt assets in Schedule C, including certain household furnishings and specifically two IRS's in each of their names, into which the Bermans made contributions of $6,500 in February, 2019. They have also scheduled on Schedule B household furnishings, jewelry, certain firearms, and Richard Berman's stock ownership in an inactive former law firm Berman, Kean & Riguera, P.A., whose remaining asset is a collection action against a former client. The Bermans have also disclosed in their SOFA that in 2018, The Bermans "sold" a 1964 Corvette automobile to Richard Berman's son, Jeremy Berman, which the Trustee believes is subject to further scrutiny.

4. The Trustee wishes and believes it is in the estate's interest to avoid incurring attorneys' fees and costs in contested matters and adversary proceedings which would need to be filed if the Trustee contested exemptions or the transfer of the Corvette, and to avoid the expense of administering non-exempt assets whose value would be subject to debate. Accordingly, subject to Court approval, the Trustee has entered into the attached settlement Agreement with the Bermans which provides as follows:

    i. The Trustee will receive $40,000 from the Bermans, such payment to be made within two business days from entry of a court Order which has become final, approving the Agreement.

    ii.    The Trustee will not file an objection to the Bermans' claimed exemptions on Schedule C.

    iii.    The Trustee will not pursue any claim (against the Bermans or Jeremy Berman) arising from the transfer of a 1964 Corvette automobile by the Bermans to Richard Berman's son, Jeremy Berman.

    iv.    The Trustee will abandon her interest in certain non-exempt tangible Personal Property identified in Items 6, 7, 8, 9, 10, 11, 12, 13, 14 and 39 of Schedule B.

    v.    The Trustee will abandon her interest in Richard Berman's 55% ownership interest in his former law firm, Berman, Kean & Riguera, P.A.

The Trustee would refer creditors to the attached Agreement for the full terms thereof.

## SETTLEMENT SHOULD BE APPROVED

5.    Fed.R. Bankr. P. 9019(a) provides, in relevant part that "on motion by the trustee and after noticing a hearing, the court may approve a compromise or settlement." To approve a compromise and settlement under such rule, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interest of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. 413, 424 (1969); *Air Line Pilot's Assoc., Int'l. v. America Nat'l Bank and Trustee Co. of Chicago* (*In re Ionosphere Clubs, Inc.*), 156 B.R. 413, 426 (S. D. N. Y. 1993), aff'd. 17 F. 3d 600 (2d Cir. 1994).

6.    The Court should consider the following factors in determining whether to approve a settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in collection; (iii) complexity of the litigation and the expense, inconvenience and

delay necessarily attending it; and (iv) the paramount interest of creditors. *In re Justice Oaks, II, Ltd.,* 898 F. 2d 1544, 1549 (11 Cir. 1990).

7. The Trustee has considered the value of the assets claimed as exempt by the Berman, as to which the Trustee believes there is a colorable basis to contest. These assets are certain household furniture owned by the Bermans as well as their interest in certain IRA's into which the Bermans made contributions of $6,500 each within five months of the petition date. The household furniture claimed as exempt on Schedule C has been valued by Auction America at only a few thousand dollars more than the claimed exemption. Moreover, while the Trustee believes that there exists a colorable basis to claim that the IRA contributions in 2019 violated Florida Statutes § 222.30 (which deems as a fraudulent transfer converting non-exempt assets to exempt assets with the intent to hinder, delay and defraud creditors), the requirement of demonstrating fraudulent intent increases the risk of not prevailing as well as the fees and costs that would be incurred in having to prove such intent.

8. As for the balance of tangible non-exempt assets listed on Exhibit B, including other household furniture, collectibles (Bacarat pieces, art prints and lithographs), Firearms (Glock 30, Ruger 380 and W. Tokarev handgun), and Jewelry, Auction America has valued such property at approximately $24,000. The Trustee submits that the settlement takes this value into account. As opposed to a sale of such assets, however, the Trustee proposes to abandon her interest in such assets effective upon payment.

9. The Trustee also proposes to abandon her interest in 55% of the stock owned by Richard Berman in his former law firm, Berman, Kean & Riguera, P.A., which firm ceased operations more than three years ago. The only asset which the Trustee has determined remains with such firm is a litigation commenced by such firm against a former client to collect alleged

4

unpaid fees in the amount of $45,000. As such litigation is being defended and there exists uncertainly as to both success and the manner in which any recovery would be divided among the partners, the Trustee believes that recovery of the estate for such abandonment is in the best interest of creditors.

10. Finally, the proposed settlement also entails the Trustee's agreement not to pursue and release of a potential (but far from certain) claim arising from the Bermans' transfer of a 1964 Corvette automobile to Richard Berman's son Jeremy Berman in 2018. The vehicle is presently located in Texas and the Bermans have produced an agreement addressing such transfer and the monetary consideration which they received. The Bermans have also testified under oath that the Corvette was in poor condition upon transfer and required substantial repair work. While the Trustee believes that such transaction conceivably could be attacked as a fraudulent transfer, the uncertainties as to lack of reasonably equivalent value, the value of the Corvette and insolvency made litigation success uncertain.

11. The Trustee submits that the expense and delay in pursuing recovery on claims arising from the 2019 contributions to the Bermans' IRA's and the transfer of the Corvette, as well as any sale of the personal property would be substantial and uneconomical. Indeed, attorneys' fees and costs could well cover any recovery by the estate. Accordingly, the Trustee respectfully submits that the estate's recovery of $40,000 is in the best interests of the estate, and that the proposed settlement, which includes the abandonment of certain property should be approved.

**ABANDONMENT SHOULD BE AUTHORIZED**

12. As part of the proposed settlement, the Trustee will be abandoning the estate's interest in certain non-exempt assets listed in Schedule B, including Richard Berman's stock

5

ownership in his former law firm.  Such abandonment is in the best interests of the Bermans' estate.

13.Attached as Exhibit "B" is a proposed Order which will be submitted if no timely objection to the proposed settlement and abandonment is filed.

WHEREFORE, Deborah C. Menotte, respectfully requests that the Court:  (i) approve the attached Agreement (ii) authorize the Trustee's abandonment of certain property identified herein; and (ii) that the Court grant such other and further relief as is just and proper.

Dated this 30th day of December, 2019.

**RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**
Attorneys for Trustee, Deborah C. Menotte
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:  954-462-8000


By: _/s/ Kenneth B. Robinson_____
**KENNETH B. ROBINSON**
Florida Bar No. 559474
krobinson@rprslaw.com


J:\WPDocs\6346.001 Deborah Menotte, Trustee In re Richard Berman\PLEADINGS\Motions\Trustee's Motion for Approval of Settlement.docx

## AGREEMENT

This Agreement is entered this 23rd day of December 2019 ("Effective Date"), and is made by and among: Richard Berman and Michelle Berman (the "Bermans" or "Debtors") and Deborah C. Menotte, as Chapter 7 Trustee for the estate of Richard Berman and Michelle Berman, Case No. 19-18094-EPK, U.S. Bankruptcy Court, Southern District of Florida (the "Trustee").

## RECITALS

WHEREAS, on June 18, 2019, the Bermans filed a joint petition under Chapter 7 in the U.S. Bankruptcy Court, Southern District of Florida, Case No. 19-18094 (the "Bankruptcy Court").

WHEREAS, Deborah Menotte is the duly appointed Chapter 7 Trustee.

WHEREAS, the Bermans have identified and scheduled various personal property on their Schedule B (the "Personal Property") filed on June 18, 2019 [ECF 1], as well as have scheduled certain of this Personal Property as exempt on their Schedule C.

WHEREAS, among the scheduled Personal Property is Richard Berman's ownership interest in an inactive law firm, Berman, Kean & Riguera, P.A. (the "BKR Law Firm"), which law firm is presently a plaintiff in a collection action against Scott Scharg pending in Broward County Circuit Court (the "Scharg Litigation").

WHEREAS, the Trustee believes that she has a colorable basis to object to certain claimed exempt assets on Schedule C, including certain contributions which each of the Bermans made in the amount of $6,500 into certain IRA's listed on Schedule C, which the Bermans dispute.

WHEREAS, the Trustee believes that she may possess a claim arising from the Bermans' transfer of a 1964 Corvette (VIN 40837S101177) (the "Corvette") to Jeremy Berman, which the Bermans dispute.

WHEREAS, the Bermans would like to re-acquire from the Trustee or otherwise retain title to certain of the Personal Property which is not claimed as exempt on Schedule B, including any right, title and interest which the Trustee would possess, if at all, in the BKR Law Firm.

WHEREAS, in order to conserve attorneys' fees and costs, the Bermans have offered to pay and the Trustee has agreed to accept the sum of $40,000 in respect of: (i) resolution of any potential dispute which the Trustee may have to certain claimed exempt assets on Schedule C, (ii) resolution of any claim which the Trustee may have arising from the transfer of the Corvette, (iii) the transfer or abandonment by the Trustee of certain Personal Property not claimed as exempt that was viewed and valued by Stan Crooks of Auction America at the Bermans' home, and (iv) the Trustee's abandonment of Richard Berman's stock in the BKR Law Firm.

1



NOW THEREFORE, in consideration of the foregoing and the mutual promises, undertakings, and agreements contained herein, the Parties agree as follows:

1.  **Incorporation of Recitals.** The foregoing recitals are true and correct and incorporated herein by reference.

2.  **Settlement Payment.** Within two business days from the entry of an Order by the Bankruptcy Court approving this Agreement, which Order has become final and not subject to appeal or rehearing, the Bermans shall pay to the Trustee in good and cleared funds, the sum of $40,000 (the "Settlement Payment"). Such Settlement Payment shall be by cashiers' or attorney trust fund check payable to "Deborah C. Menotte, Chapter 7 Trustee," and remitted to counsel for the Trustee at the address provided in paragraph 7 below. It is agreed and acknowledged that the obligations of the Trustee hereunder shall be conditioned upon and subject to the Trustee receiving the Settlement Payment provided herein.

3.  **Settlement of Claims.** The remittance of the Settlement Payment provided in paragraph 2 above, shall be in full satisfaction and settlement of: (i) any potential objection to exemptions which the Trustee may be entitled to assert, including any objection to the Bermans' IRA's under Merrill Lynch Account Nos. XXXX9654 and XXXX9660 and objection to the Personal Property identified in Schedule C, and (ii) any potential claim arising from or relating to Richard Berman's transfer of the Corvette to Jeremy Berman.

4.  **Abandonment of Stock in BKR Law Firm.** Upon the Berman's remittance and the Trustee's receipt of the Settlement Payment provided in paragraph 2 above, the Trustee shall be deemed to have abandoned her right, title and interest in the stock of the BKR Law Firm, including without limitation, any right to participate in any recovery from the Scharg Litigation.

5.  **Abandonment of Interest in Non-Exempt Personal Property.** Upon the Berman's remittance and the Trustee's receipt of the Settlement Payment provided in paragraph 2 above, the Trustee shall be deemed to have abandoned her right, title and interest in the Personal Property listed in Items 6, 7, 8, 9, 10, 11, 12, 13, 14 and 39 of Schedule B. Such abandonment shall only pertain to the Personal Property which the Bermans have disclosed and made available for inspection to the Trustee. To the extent that any Personal Property has not been disclosed or otherwise made available to the Trustee, the same shall not be deemed abandoned. It is the intent of the Parties, that Michelle Berman's interest in a personal injury claim identified in Item 33 of Schedule B shall not be deemed abandoned and shall remain property of the estate.

6.  **Bankruptcy Court Approval.** This Agreement and the Trustee's settlement of potential claims or abandonment of certain assets provided herein shall be subject to approval of the Bankruptcy Court by way of entry of an Order which has become final and not subject to appeal or rehearing. Upon execution of this Agreement by the Parties, the Trustee shall forthwith file a motion with the Bankruptcy Court seeking such approval. In the event that approval of this Agreement is not obtained, this Agreement shall be null and void and the Parties shall be placed in the position they were in prior to entering into this Agreement.

7.  **Notices.** Notices to be sent pursuant to this Agreement shall be served by first class mail postage prepaid and electronic mail:

2

If to the Bermans:

>Charles Cohen, Esq.
>Furr & Cohen, P.A.
>2255 Glades Road, Suite 301E
>Boca Raton, Florida 33431
>ccohen@furrcohen.com

If to Trustee:

>Kenneth B. Robinson, Esq.
>Rice Pugatch Robinson Storfer & Cohen, PLLC
>101 N.E. Third Avenue, Suite 1899
>Fort Lauderdale, Florida 33301
>krobinson@rprslaw.com

8. <u>Release of Trustee</u>. Upon making the Settlement Payment and receiving the consideration provided herein, the Bermans shall be deemed to have released the Trustee and Chapter 7 estate from all claims, demands and liabilities.

9. <u>Miscellaneous</u>.

A. <u>Joint Drafting</u>. This Agreement shall be deemed to have been jointly drafted by The Parties, and in construing and interpreting this Agreement no provisions shall be construed and interpreted for or against any of the Parties because such provisions or any other provision of the Agreement as a whole is purportedly prepared or requested by such Party.

B. <u>Parties' Cooperation</u>. The Parties agree to cooperate to effectuate the terms of this Agreement, including, approval of this Agreement by the Bankruptcy Court and to execute any and all subsequent documents necessary to effectuate the Parties' intentions herein.

C. <u>Captions</u>. Captions in this Agreement are included for identification and shall not be used to interpret the Agreement.

IN WITNESS WHEREOF, the Parties have set their hands on the Effective Date.

**[SIGNATURES ON FOLLOWING PAGE]**

3

Trustee:


/s/ Deborah C. Menotte, Chapter 7 Trustee
Deborah C. Menotte, Chapter 7 Trustee
Case No. 19-18094-EPK
U.S. Bankruptcy Court, S.D. Fla.



Debtors:


/s/Michelle Berman
Michelle Berman


/s/Richard Berman
Richard Eric Berman

4



EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                              CASE NO. 19-18094-EPK

RICHARD ERIC BERMAN and                             CHAPTER 7
MICHELLE BERMAN,

      Debtors.
_____/

## ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH DEBTORS MICHELLE BERMAN AND RICHARD BERMAN, AND FOR AUTHORITY TO ABANDON ESTATE PROPERTY AS PART OF SETTLEMENT

THIS MATTER came before the Court in West Palm Beach, Florida upon the *Trustee's Motion for Approval of Settlement With Debtors Michelle Berman and Richard Berman, and for Authority to Abandon Estate Property as Part of Settlement* [ECF #    ] (the "Motion to Settle"), filed by Deborah C. Menotte, as Chapter 7 Trustee for the estate of Richard Eric Berman and Michelle Berman. The Court having considered the Motion to Settle, and the Trustee by submitting this form of order having represented that the motion was served on all parties

1

required by Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), that the 21-day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, it is

**ORDERED AND ADJUDGED** as follows:

1. The *Trustee's Motion for Approval of Settlement With Debtors Michelle Berman and Richard Berman, and for Authority to Abandon Estate Property as Part of Settlement* is **GRANTED**.

2. The Agreement attached to the Motion to Settle as Exhibit "A" is approved, the terms of such Agreement incorporated in this Order as if fully set forth herein, and the Parties are directed to comply with its terms.

3. Pursuant to Section 554 of the Bankruptcy Code, and Local Rule 6007-1, the Trustee is authorized to abandon the personal property identified in the Motion to Settle and Agreement, such abandonment to be effective upon the Debtors' payment and the Trustee's receipt of the Settlement Payment in accordance with the terms of the Agreement.

4. The Court retains jurisdiction over the parties and the subject matter of the Agreement to interpret and enforce the terms thereof.

###

Submitted by:
Kenneth B. Robinson, Esq.
Rice Pugatch Robinson Storfer & Cohen, PLLC
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Copy: Kenneth B. Robinson, Esq.

(Attorney Robinson shall serve a conformed copy of this Order upon interested parties)

J:\WPDocs\6346.001 Deborah Menotte, Trustee In re Richard Berman\PLEADINGS\Orders\Order re Berman Settlement.doc